IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUMAR NAHARAJA, an individual,

       Plaintiff,

   v.

CARTER D. WRAY, et al.,

       Defendants,

No. 3:13-cv-01261-HZ

OPINION & ORDER

Kumar Naharaja
930 NW 25th Place, Apt. 402
Portland, OR 97210

      Pro se plaintiff

Amy Joseph Pederson
Andrea H. Thompson
STOEL RIVES LLP
900 SW Fifth Avenue Suite 2600
Portland, OR 97204

OPINION - 1

HERNÁNDEZ, District Judge:

Plaintiff Kumar Naharaja graduated from medical school and gained clinical experience in India prior to applying and enrolling in the Graduate Medical Education residency and fellowship program at Oregon Health and Science University ("OHSU") in August of 2011. Pl. Response at 17. Dr. Naharaja's residency at Doernbecher Children's Hospital specializing in child neurology was terminated in June of 2013 before he could complete the program. Pl. Response Exhibit ("Ex.") 35 at 40. Dr. Narahaja filed this suit against eighteen individuals associated with OHSU, alleging discrimination in violation of Titles IV, VI, and VII of the Civil Rights Act and Oregon's Unlawful Employment Discrimination Law (ORS 659A.030).

Defendants now move to dismiss the complaint, primarily because Dr. Naharaja brought claims against individual defendants and the relevant federal statutes do not provide for individual liability for co-workers or supervisors. Defendants' Memo in Support of Motions to Dismiss and Strike ("Def. Memo") at 3. Defendants also move to strike from the complaint and related documents redundant, immaterial, impertinent, and scandalous matters. Def. Memo at 9.

For the reasons explained below, Defendants' motion to dismiss is granted with leave to amend, meaning Dr. Naharaja can file an amended complaint, should he choose to do so. Defendants' motion to strike is also granted, in part.

At oral argument, the court stressed to Dr. Naharaja that his pleadings must comply with the requirements of Federal Rule of Civil Procedure ("Rule") 8, specifically that his complaint must include a "short and plain statement" of facts showing he is entitled to relief. FED. R. CIV. P. 8(a)(2). At this stage in the proceedings, the court needs only a succinct statement of the facts relevant to Dr. Naharaja's discrimination claim in numbered paragraph format. It is not necessary to attach any evidentiary exhibits at this time. As explained below, during these very

OPINION - 2

early stages of litigation, the court will assume the well-pleaded facts Dr. Naharaja presents in

his complaint are true. Should Dr. Naharaja choose to file an amended complaint, it is imperative

that he comply with this Order and condense his allegations to include only those facts necessary

to state a claim for discrimination.

## STANDARDS

A motion to dismiss under Rule 12(b)(6) asks the court to test the sufficiency of the

plaintiff's claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Allegations of material

fact are taken as true and construed in the light most favorable to the nonmoving party. Am.

Family Ass'n, Inc. v. City & Cnty. Of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). The court is

not, however, required to assume the truth of mere conclusory allegations. Warren v. Fox Family

Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint alleging grounds for relief

based on nothing "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action" will be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face," meaning the plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). The complaint must state well-pleaded facts that "permit the court to

infer more than a mere possibility of misconduct . . . ." Id. at 679. See also Twombly, 550 U.S. at

555 ("Factual allegations must be enough to raise a right to relief above the speculative legal . . .

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)")

(citations omitted).

Courts have a duty to liberally construe a <u>pro se</u> plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. <u>See</u> <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Defendants' primary attack on the sufficiency of Dr. Naharaja's complaint is that the named defendants cannot be individually liable as a matter of law under the statutes upon which Dr. Naharaja relies. Dr. Narahaja's response mostly fails to address Defendants' motions in any meaningful way. He calls the motions and declaration in support "outrageously misleading, deceptive, and . . . made in bad faith" and counters that the "Defendants cite and rely on case laws and other statutes . . . that are either wholly irrelevant . . . or do nothing to justify defendants' outrageous acts." Pl. Response at 11. Over the next approximately 55 pages, he expands on the factual allegations in his complaint with citations spanning the nearly 2,000 pages of "evidentiary exhibits" included with his response.

Each section below analyzes Defendants' motion to dismiss as it relates to the separate statutory provisions Dr. Naharaja named in his complaint.

### 1.  Title VI

Defendants move to dismiss the Title VI claims because the individual defendants are not "recipients" of federal funds. Def. Memo at 4. Title VI of the Civil Rights Act ("Act") prohibits racial discrimination in any program or activity receiving federal funds. 42 U.S.C. § 2000d (2014). Accordingly, Title VI actions must be brought against an entity, not an individual. <u>Atkins v. Bremerton Sch. Dist.</u>, C04-5779RBL, 2005 WL 1356261 (W.D. Wash. June 7, 2005) (citing <u>The Epileptic Foundation v. City and County of Maui</u>, 300 F.Supp.2d 1003, 1014 (D. Haw. 2004); <u>see also</u> <u>Shotz v. City of Plantation, Fla</u>, 344 F.3d 1161, 1170 (11th Cir. 2003). Dr. Naharaja responds that all of the individual defendants in some form are "recipients" of federal

OPINION - 4

funds, with OHSU being the "primary recipient." Pl. Response at 15–16.[1] Essentially, his

argument is that OHSU receives federal funds, which are then funneled to the eighteen named

individuals through paychecks and other employment compensation. He does not, however, cite

any legal authority for the proposition that employees are a "recipient" of federal funds if a

portion of their pay comes from federal dollars, and the plain language of the statute refers to

programs and activities, not individuals.

Defendants' motion to dismiss the Title VI claim is granted, with leave to amend. Should

Dr. Naharaja file an amended complaint, he must bring suit against the proper entity.

### 2.  Title VII

Similarly, Defendants move to dismiss the Title VII claims against the individual

defendants because they are not "employers" under the Act. Def. Memo at 5. Title VII prohibits

employment discrimination on the basis of race, religion, or gender. See 42 U.S.C. 2000e-2 ("It

shall be an unlawful employment practice for an employer . . . [to discriminate]"). It is well-

settled that Title VII does not provide a cause of action against individual supervisors or co-

workers. Ortez v. Washington County, State of Or., 88 F.3d 804, 808 (9th. Cir. 1996) (upholding

dismissal of Title VII claims against individuals); Miller v. Maxwell's Int'l Inc., 991 F.2d 583,

587 (9th Cir. 1993) (same). Therefore, Defendants' motion to dismiss the Title VII claims is

granted with leave to amend. Should Dr. Naharaja file an amended complaint, he must bring the

Title VII claim against his employer, OHSU, not against his individual supervisors.

---

[1] Defendants add that even if Dr. Naharaja were to properly name OHSU as the Defendant, his Title VI claim would still fail as a matter of law because Title VI does not apply to claims of employment discrimination unless employment is a "primary objective" of the federal assistance provided to the "recipient." 42 U.S.C. § 2000d-3; 34 C.F.R. § 100.3(c); Temengil v. Trust Territory of Pac. Islands, 881 F.2d 647 (9th Cir. 1989). At this stage, it would premature to consider that argument, as resolving it requires facts not yet before the court.

### 3.  Title IV

Defendants move to dismiss Dr. Naharaja's Title IV claim because he does not allege racial segregation in public schools. Dr. Naharaja responds that he was the "sole foreign national student-employee in the whole of Doernbecher Children's Hospital." Pl. Response at 12. He also suggests that he was isolated and not provided appropriate support or training. See Pl. Compl. Ex. 2 at 14-15. The parties' briefing on Title IV is nearly devoid of legal analysis; without more from the parties, it is difficult to properly analyze the defendants' motion on this claim. The court is hesitant to allow the Title IV claim to move forward at this time because there are several complex legal issues, such as whether Title IV provides for an individual cause of action, that the parties have not addressed. Accordingly, defendants' motion to dismiss the Title IV claim is granted, with leave to amend.

### 4.  Oregon's Unlawful Employment Discrimination Law

Next, Defendants urge the court to decline to exercise supplemental jurisdiction over Dr. Naharaja's state law claims. A "district court may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3) (2014); see also Crane v. Allen, No. 3:09-CV-1303-HZ, 2012 WL 602432, at *10 (D. Or. Feb. 22, 2012) (citation omitted) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Dr. Naharaja does not offer any response.

Since all of Dr. Naharaja's federal claims are dismissed with leave to amend, the court agrees that the state law claims should also be dismissed without prejudice. Dr. Naharaja is free to file an amended complaint, should he so choose, that includes both state and federal claims.

**5.   Motion to Strike**

Finally, Defendants move to strike Dr. Naharaja's "numerous allegations in the

Complaint (and Appendices) that are redundant, impertinent, immaterial, and scandalous." Def.

Memo at 9. The court may strike from a pleading any insufficient defense or any redundant,

immaterial, impertinent or scandalous matter.  FED. R. CIV. P. 12(f).  Granting a motion to strike

is within the broad discretion of the district court.  Stanbury Law Firm v. IRS, 221 F.3d 1059,

1063 (9th Cir. 2000).

Dr. Naharaja's allegations regarding "labor exploitation," "involuntary servitude," "labor

trafficking," "human trafficking," "white collar crime," "possible EMTALA [Emergency

Medical Treatment And Labor Act] violations," and "patient harm" are scandalous and have no

relevance to his discrimination claim. Accordingly, those portions of the complaint Defendants

identified in Exhibit 1 attached to the Declaration of Andrea Thompson [49] are ordered stricken.

Defendants' request to strike the entirety of Document [23-2] is also granted. As

explained previously, it is unnecessary for Dr. Naharaja to include evidentiary exhibits at this

time. The court only requires a short and plain statement of the facts that explains the grounds for

Dr. Naharaja's claim. A well-pleaded complaint will include a brief description of the main

players and important events, an explanation of the alleged discriminatory acts, and a demand for

relief. Dr. Naharaja is encouraged to use the "Complaint for Employment Discrimination Form,"

posted on the District of Oregon's website, as a guide.

//

//

//

//

OPINION - 7

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is granted, with leave to amend. Dr. Naharaja shall file an amended complaint within 30 days of the date below. Defendants' motion to strike is granted; Document 23-2 is stricken in its entirety, and Document 23-1 is stricken as set forth in Exhibit 1 attached to the Thompson Declaration [49].

IT IS SO ORDERED

Dated this ___4___ day of ___Aug___, 2014.

MARCO A. HERNÁNDEZ
United States District Judge