IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUMAR NAHARAJA, an individual,

        Plaintiff,

    v.

CARTER D. WRAY, et al.,

        Defendants,

No. 3:13-cv-01261-HZ

OPINION & ORDER

Kumar Naharaja
930 NW 25th Place, Apt. 402
Portland, OR 97210

       Pro se plaintiff

OPINION - 1

Amy Joseph Pederson
Andrea H. Thompson
STOEL RIVES LLP
900 SW Fifth Avenue Suite 2600
Portland, OR 97204

HERNÁNDEZ, District Judge:

Pro se Plaintiff Dr. Kumar Naharaja is attempting to bring a discrimination suit arising out of his termination from the Graduate Medical residency and fellowship program at Oregon Health Science University ("OHSU"). On August 8, 2014, this Court dismissed, with leave to amend, Dr. Naharaja's complaint for failure to state a claim because he brought suit against individual defendants when the federal statute at issue requires a plaintiff bring a discrimination claim against the employer-entity. Opinion & Order [115]. At the same time, the Court ordered stricken from the record Dr. Naharaja's allegations of "labor exploitation," "human trafficking," "white collar crimes," among others, because they were scandalous and not relevant to his discrimination claim.

Currently before the court is Dr. Naharaja's Motion for Reconsideration [120] of Opinion & Order [115] and a Motion for Extension of Time to File Second Amended Complaint [119]. Dr. Naharaja's Motion for Reconsideration [120] is denied in its entirety because, as explained below, Dr. Naharaja has not established this Court made a manifest error of law in granting the motion to dismiss, nor did he produce any new evidence that he filed suit against the proper entity. His Motion for an Extension of Time is granted, though the Court again reminds Dr. Naharaja that his Second Amended Complaint must comply with Federal Rule of Civil Procedure 8(a)'s requirement that his complaint contain a short and plain statement of the facts showing how he believes OHSU discriminated against him.

OPINION - 2

**STANDARDS**

A motion for reconsideration serves to correct manifest errors of law or fact or to present newly discovered evidence.  Adidas Am., Inc. v. Payless Shoesource, Inc., 540 F.Supp.2d 1176, 1181 (D. Or. 2008) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier"). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Courts have a duty to liberally construe a pro se plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**1.  Motion for Reconsideration**

Dr. Naharaja's motion for reconsideration is largely based on what he sees as the Court's misunderstanding of the claims and statementst in his Complaint and extensive exhibits. He insists he be allowed to allege "labor exploitation," "involuntary servitude," "labor trafficking," "human trafficking," "white collar crime," "possible EMTALA [Emergency Medical Treatment and Labor Act] violations," and "patient harm." Pl. Motion at 2. The Court ordered those allegations stricken from the record because they are scandalous and not relevant to his discrimination claim. Opinion & Order [115] at 7.

As a private individual, Dr. Naharaja has no authority to bring criminal charges such as labor exploitation or "white collar crimes." See  Clinton v. Jones, 520 U.S. 681, 718 (1997) (explaining that criminal charges must be brought by Executive Branch officials such as a

OPINION - 3

District Attorney or the Attorney General). His allegations of "patient harm" and "possible

EMTALA violations" were stricken because they are scandalous, in that they improperly cast a

derogatory light on an individual not properly a party to this lawsuit. See Bureerong v. Uvawas,

922 F.Supp. 1450, 1479 (C.D. Cal. 1996) (striking from the complaint allegations the defendant

ran a "slave sweatshop" in a lawsuit over failure to pay minimum wage).

To the extent Dr. Naharaja quotes from July 2 hearing transcript to suggest the Court

misperceives or misunderstands his claims, the Court offers a clarification. The reason for

confusion about his claims is that he prematurely filed nearly 2,000 pages of exhibits with his

complaint, making the Court's job of reading and analyzing his complaint extraordinarily

difficult. At this early stage of the proceedings, it is simply not necessary for Dr. Naharaja to

submit evidentiary exhibits. The complaint is just the first step in litigation. Its purpose is only to

alert the Court and the opposing party of the allegations and grounds for relief.

The Court is aware that Dr. Naharaja has requested "a reasonable opportunity" to provide

"at trial" the detailed facts related to his discrimination claim. Pl. Motion for Reconsideration at

3 ¶ 6. Dr. Naharaja must satisfy a number of procedural requirements before he is allowed to put

his former employer "on trial" for discrimination. One of those requirements is to provide a

complaint that complies with Federal Rule of Civil Procedure ("Rule") 8(a), which directs

plaintiffs to provide a "short and plain statement" of the facts showing his entitlement to relief.

Stating a claim for discrimination under Title VII is a simple affair. Dr. Naharaja must

allege facts showing that (1) he belongs to a protected class, (2) he was performing according to

his employer's legitimate expectations or, in other words, doing an adequate job, (3) he suffered

an adverse employment action, and (4) other employees with qualifications similar to his were

treated more favorably. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1031 (9th Cir.

OPINION - 4

2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, (1973)). To state a claim

for retaliation under Title VII or section 1981, Dr. Naharaja must allege facts showing: (1) he

engaged in protected activity, such as filing a BOLI complaint alleging racial discrimination, (2)

his employer subjected him to adverse employment action, and (3) a causal link exist between

the protected activity and the adverse action. Manatt v. Bank of America, NA, 339 F.3d 792, 798

(9th Cir. 2003).

The Court directs Dr. Naharaja to the short "Employment Discrimination Complaint" the

District of Oregon provides for pro se plaintiffs, available at http://ord-pdx-

web/index.php/public/representing-yourself-in-court/self-represented-forms?download=25:

complaint-for-employment-discrimination. Most plaintiffs alleging employment discrimination

claims similar to Dr. Naharaja's could adequately explain their case using this form, and perhaps

a three- to five-page, double-spaced addendum explaining the facts that cannot fit in response

blank for Section III.E.

The essence of the Court's ruling in its Opinion & Order [115] was that Dr. Naharaja

must bring discrimination claims against the employer-entity—in this case, OHSU. Dr. Naharaja

has not produced any new evidence that he brought claims against the correct entity, and he has

not shown the Court made a clear error of law in dismissing his complaint for failure to state a

claim. Accordingly, his Motion for Reconsideration is denied.

**2. Motion for an Extension of Time**

Dr. Naharaja also moves the Court for an extension of the deadline to file an amended

complaint to October 14, 2014. Defendants object to the motion because Dr. Naharaja requested

and was granted ten extensions to file a response to Defendants' motion to dismiss. The court

grants the present motion, in large part because Dr. Naharaja has indicated he is seeking legal

representation. The Court will not grant any further extensions, however, without a showing of good cause; additional time to prepare what should be a very short complaint is not good cause. As explained above and at the July 2 hearing, this is a very straight forward employment discrimination case in which the relevant facts can, and indeed, <u>must</u> be stated in a succinct fashion. Dr. Naharaja's amended complaint must comply with Rule 8, Opinion & Order [115], and this Opinion & Order, and he is reminded again to <u>not</u> file any exhibits such as copies of emails or files related to his employment. The only additional item he should file other than a short complaint is a copy of the "Right to Sue" letter from the Equal Employment Commission or the Oregon Bureau of Labor and Industries, as that letter shows his case is available for review in this Court.

## CONCLUSION

For the reasons stated, Dr. Nahjara's Motion for Reconsideration is denied, and his Motion for an Extension of Time to file an amended complaint is granted. Dr. Naharaja shall file an amended complaint no later than 30 days after the date below.

IT IS SO ORDERED

Dated this ⎯J5⎯ day of ⎯Sept⎯, 2014.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
MARCO A. HERNÁNDEZ
United States District Judge

OPINION - 6