IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUMAR NAHARAJA,

                        Plaintiff,

    v.

CARTER D. WRAY, et al.,

                        Defendants.

No. 3:13-cv-01261-HZ

OPINION & ORDER

Kumar Naharaja
930 NW 25th Pl., Apt. 402
Portland, OR 97210

    Pro se Plaintiff

Amy Joseph Pedersen
Andrea H. Thompson
STOEL RIVES LLP
900 SW 5th Ave., Suite 2600
Portland, OR 97204

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Dr. Kumar Naharaja attempts to bring a discrimination suit arising out of his termination from the Graduate Medical Education residency training program at Oregon Health Science University (OHSU). Plaintiff filed his initial complaint in July of 2013. He amended his complaint a few weeks later. On August 6, 2014, this Court dismissed Plaintiff's amended complaint for failure to state a claim upon which relief could be granted. On December 30, 2014, Plaintiff filed a second amended complaint, bringing claims against OHSU and eighteen individual defendants.

Now before the Court is Defendants' second motion to dismiss and Plaintiff's fifth motion for extension of time to respond to Defendants' motion. The Court denies Plaintiff's motion for extension of time and grants Defendants' motion pursuant to Rule 12(b)(6), thereby dismissing Plaintiff's amended complaint for failure to state a claim. Because amendment to the complaint would be futile, the Court dismisses this case with prejudice.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state

a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted)). However, a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

As with Plaintiff's first amended complaint, Plaintiff brings claims in his second amended complaint under Title VII of the Civil Rights Act, 42 U.S.C §§ 2000e et seq., and the

3 – OPINION & ORDER

Oregon Unlawful Employment Discrimination Law, ORS 659A.030. He also adds claims of "fraudulent concealment of Class C felony ORS § 677.080(4) and Title 22 U.S.C. 7102(8)(severe forms of trafficking in persons)." Second Amended Complaint (SAC) 2. Defendants move to dismiss all claims.

### I.     Plaintiff's Fifth Motion for Extension of Time to Respond

Plaintiff's response to Defendants' motion was due on March 9, 2015. On March 9, Plaintiff requested an extension of time to respond, which this Court granted. On April 10, 2015, when Plaintiff's response was due, Plaintiff requested another extension of time, which this court granted. On May 5, 2015, this Court granted Plaintiff yet another extension of time. However, in granting this extension, the Court ordered Plaintiff to respond by June 5, 2015, and made clear that "no further continuances of this date [would] be granted without a showing of exceptional circumstance." Order, May 5, 2015, ECF 156. On June 5, 2015, Plaintiff requested a fourth extension of time to respond to Defendants' motion. Plaintiff explained that he needed the extension because he has no source of earned income, he had to "attend to his personal circumstances," and he is proceeding pro se in this case. Pl.'s Mot. Fourth Ext., June 5, 2015, ECF 157. Before the Court ruled on Plaintiff's fourth request for an extension of time, he filed a fifth request for an extension of time. Pl.'s Mot. Fifth Ext., June 22, 2015, ECF 160. In his fifth motion, Plaintiff explained that he needed more time because, while he was almost done with his response to Defendants' motion, his brief exceeded the page or word-count limitations specified by this District's local rules and was "incoherent and disjointed." Id. at 2.

Federal Rule of Civil Procedure 6(b) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

4 – OPINION & ORDER

>    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983) (internal quotation and citation omitted). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citation omitted).

Here, the Court finds both bad faith on the part of Plaintiff and substantial prejudice to Defendants. Throughout the pendency of this case, Plaintiff has requested and been granted an extraordinarily generous number of extensions of time. Plaintiff has filed at least eighteen separate motions for extensions of time. In response to Defendants' first motion to dismiss, Plaintiff sought and was granted ten extensions of time. Then, he was granted three extensions of time to file an amended complaint, despite the Court's repeated instructions to Plaintiff that the amended complaint only required a short and plain statement of Plaintiff's claims. This is now the fifth extension of time sought by Plaintiff to respond to Defendants' second motion to dismiss. As a result of Plaintiff's delays, this case has been pending for almost two years and has not proceeded beyond the motion to dismiss stage.

Furthermore, as discussed below, Plaintiff's second amended complaint fails to state a claim and amendment would be futile. Therefore, the general principle that favors ensuring that cases are tried on the merits has no bearing on this Court's decision to deny Plaintiff's opportunity to respond to Defendants' second motion to dismiss. Defendants are prejudiced by ongoing litigation in a case that lacks merit and has taken far longer than necessary. Accordingly,

5 – OPINION & ORDER

the Court denies Plaintiff's fifth request for an extension of time to respond to Defendants' motion and proceeds to the merits of the motion and Plaintiff's claims.

**II.     Title VII**

Plaintiff brings claims under Title VII of the Civil Rights Act, alleging that he was discriminated against based on his race/color, national origin, and religion. SAC 1-3. Plaintiff complains of termination of his employment, retaliation, harassment, and "plaintiff to involuntary servitude, severe form of Labor trafficking." SAC 3.

Defendants move to dismiss Plaintiff's Title VII claims against each of the eighteen individually-named defendants because they are not "employers." Defendants also argue that Plaintiff's complaint fails to allege sufficient facts to support a Title VII claim against OHSU.

As this Court already explained in its August 6, 2014, Opinion & Order, Title VII does not provide a cause of action against individual supervisors or coworkers. Ortez v. Washington County, State of Or., 88 F.3d 804, 808 (9th Cir. 1996); see also Preiss v. Horn, 533 F. App'x 715, 716 (9th Cir. 2013) ("Title VII claims can be brought only against a plaintiff's employer."). Accordingly, Plaintiff's Title VII claims against the individual defendants are dismissed.

Furthermore, this Court dismisses Plaintiff's Title VII claims in their entirety because Plaintiff fails to allege that he was discriminated or retaliated against due to his race/color, national origin, or religion. Notably, there is no mention in the complaint of Plaintiff's race and, while there is one statement that mentions Plaintiff's religion, there is no allegation that Plaintiff was discriminated or retaliated against because of his religion. See SAC Addendum ¶ 45.

As to Plaintiff's allegations of discrimination and retaliation based on national origin, Plaintiff undermines his own claims. Plaintiff explains that, while he initially thought he was

being mistreated because of his national origin, Defendants' true intention was to create a hostile work environment in order to conceal criminal behavior. Plaintiff explains:

> Based on plaintiff's prior understanding in year 2012 & 2013 i.e. before plaintiff unearthed and/or was able to confirm the felony criminal offense(s) in late spring 2014 through late fall of 2014 . . . <u>plaintiff had misperceived defendants' intent of affording plaintiff a pervasive hostile environment to have stemmed from prohibited national origin discrimination.</u>

SAC Addendum ¶ 10 (emphasis added). In addition, Plaintiff checks a box next to "Title VII of the Civil Rights Act of 1964" on the front page of his complaint, but he adds the following notation: "minimal significance in light of new findings." SAC 1. In the section of the complaint where Plaintiff checks boxes for the basis of Defendants' alleged discrimination, Plaintiff marks "race/color," "national origin," and "religion." SAC 3. However, he adds the notation: "In the light of new findings, fraudulent concealment of criminal offense(s) by defendants, motive doubtful." Id.

In sum, Plaintiff suggests that he was discriminated or retaliated against because of Defendants' efforts to conceal criminal behavior, not because of his national origin. Plaintiff fails to provide any facts which, taken as true, could plausibly suggest that he suffered an adverse employment action due to his membership in a protected class or that he was subjected to an adverse employment action due to his engagement in a protected activity. "Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). Here, not only does Plaintiff fail to allege facts to support his Title VII claims, but he distances himself from them and asserts an entirely separate theory regarding

his treatment at OHSU. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Title VII claims.

### III.     Oregon Unlawful Employment Discrimination Law

The Oregon Unlawful Employment Discrimination Law, ORS 659.030, mirrors Title VII, its federal counterpart. The legal standard and burdens of proof for discrimination claims under ORS 659.030 and Title VII are the same. Snead v. Metropolitan Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001); see also Harris v. Pameco Corp., 170 Or. App. 164, 176, 12 P.3d 524, 532 (2000), citing Mains v. II Morrow, Inc., 128 Or. App. 625, 634, 877 P.2d 88, 93 (1994) (Because ORS Chapter 659 "was modeled after Title VII ... federal cases interpreting Title VII are instructive."). Accordingly, Plaintiff's claims under ORS 659.030 are dismissed for the same reasons the Court dismisses his Title VII claims.

### IV.     Criminal law claims

As this Court already explained in its September 25, 2014, Opinion & Order, as a private individual, Plaintiff has no authority to bring criminal charges such as "fraudulent concealment of Class C felony and severe forms of trafficking in persons." See Clinton v. Jones, 520 U.S. 681, 718 (1997) (explaining that criminal charges must be brought by Executive Branch officials such as a District Attorney or the Attorney General). Accordingly, Plaintiff's criminal law claims are dismissed.

### V.     Leave to Amend

If a motion to dismiss is granted, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Auker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

As explained above, this Court previously granted Plaintiff leave to amend his complaint after granting Defendants' first motion to dismiss. In doing so, the Court provided guidance to Plaintiff on what to include in his complaint and referred him to a form on the District of Oregon's website, as a guide. See Opinion & Order, August 6, 2014, ECF 115. In addition, the Court explained that Plaintiff could not seek relief under Title VII against the eighteen individual defendants. Id. Furthermore, in this Court's Opinion & Order denying Plaintiff's motion for reconsideration, the Court explained and cited caselaw to show Plaintiff that he has no authority to bring criminal charges. See Opinion & Order, September 25, 2014, ECF 124.

Nevertheless, Plaintiff chose to repeat those theories in his second amended complaint, at the same time that he undermined the basis for his Title VII and ORS 659A.030 claims. The fact that Plaintiff has already had two chances to state his claims and has failed to do so demonstrates that amendment would be futile. Therefore, the Court dismisses Plaintiff's complaint without leave to amend.

## CONCLUSION

Defendants' Second Motion to Dismiss [141] is granted. Plaintiff's Fifth Motion for Extension of Time to File a Response to Second Motion to Dismiss [160] is denied. Plaintiff's Second Amended Complaint [137] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __30__ day of __June__, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER