IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUMAR NAHARAJA,

                 Plaintiff,

      v.

CARTER D. WRAY, et al.,

                 Defendants.

No. 3:13-cv-01261-HZ

OPINION & ORDER

Kumar Naharaja
930 NW 25th Pl., Apt. 402
Portland, OR 97210

        Pro se Plaintiff

Amy Joseph Pedersen
Andrea H. Thompson
STOEL RIVES LLP
900 SW 5th Ave., Suite 2600
Portland, OR 97204

        Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Dr. Kumar Naharaja moves for relief from this Court's Order granting Defendants' Second Motion to Dismiss ("Order"). Pursuant to Federal Rule of Civil Procedure 60(b)(3)-(4) and the Crime Victims' Rights Act, 18 U.S.C. § 3771, Plaintiff asks the Court to vacate the Judgment and transfer this case to a different jurisdiction. The Court denies Plaintiff's motion.

## BACKGROUND

Since July of 2013, Plaintiff has attempted to bring a discrimination suit arising out of his termination from the Graduate Medical Education residency training program at Oregon Health Science University (OHSU). On June 30, 2015, this Court granted Defendants' Second Motion to Dismiss and dismissed this case with prejudice.

In the June 30, 2015 Order, this Court denied Plaintiff's fifth request for an extension of time to respond to Defendant's motion because Plaintiff had already been granted eighteen extensions of time in this case. This Court found both bad faith on the part of Plaintiff and substantial prejudice to Defendants.

As to the merits of the case, Plaintiff's complaint was dismissed with prejudice for several reasons. First, Plaintiff's Title VII claims again eighteen individually-named defendants were dismissed because Title VII does not provide a cause of action against individual supervisors or coworkers. Second, this Court dismissed Plaintiff's Title VII claims in their entirety because Plaintiff failed to allege that he was discriminated or retaliated against due to his race/color, national origin, or religion. The Court noted that Plaintiff undermined his own claims by suggesting that he was discriminated or retaliated against because of Defendants' efforts to conceal criminal behavior, not because of his national origin. Third, Plaintiff's claims under the

2 – OPINION & ORDER

Oregon Unlawful Employment Discrimination Law, ORS 659.030, were dismissed for the same

reasons the Court dismissed his Title VII claims. Finally, Plaintiff's criminal law claims were

dismissed because, as a private individual, Plaintiff has no authority to bring criminal charges

such as "fraudulent concealment of Class C felony and severe forms of trafficking in persons."

See Clinton v. Jones, 520 U.S. 681, 718 (1997) (explaining that criminal charges must be

brought by Executive Branch officials such as a District Attorney or the Attorney General). The

Court noted in its June 30, 2015 Opinion that it had already explained this to Plaintiff in its

September 25, 2014 Opinion & Order.

## STANDARDS

A party may seek reconsideration of a ruling under Rule 60(b) of the Federal Rules of

Civil Procedure. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a

showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044

(9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60(b), a court may grant

reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered before the court's

decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been

satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, "[a] motion for

reconsideration should not be granted, absent highly unusual circumstances, unless the district

court is presented with newly discovered evidence, committed clear error, or if there is an

intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

& Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing 389 Orange St. Partners v. Arnold, 179 F.3d

656, 665 (9th Cir. 1999)).

3 – OPINION & ORDER

**DISCUSSION**

Plaintiff submits a motion, along with 378 pages of exhibits, for relief from this Court's Order. For the reasons that follow, the Court denies Plaintiff's motion.

**I.      Rule 60(b)**

Plaintiff asks the Court to revisit its decision because of fraud, misrepresentation, and misconduct by Defendants' counsel and because the Judgment is void.

Rule 60(b)(3) provides that a court may relieve a party from a final judgment due to fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3).  To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Id. at 880.

Plaintiff contends that Defendants' counsel committed perjury and stalked Plaintiff by sending him emails on January 21, 2015 and March 14, 2015. Plaintiff also alleges Defendants made a series of false statements to the Equal Employment Opportunity Commission. Plaintiff's allegations are unsupported by any evidence. Furthermore, even assuming Plaintiff's accusations, as outlandish as they are, were true, Plaintiff fails to establish grounds for relief under Rule 60(b)(3). None of Plaintiff's accusations are relevant to this Court's decision to dismiss Plaintiff's complaint because he failed to state a claim.

Rule 60(b)(4) provides that a court may relieve a party from a final judgment when the judgment is void. Fed. R. Civ. P. 60(b)(4). The Ninth Circuit has found that "[a] final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction,

either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." Rubicon Global Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp., 575 F. App'x 710, 712 (9th Cir. 2014) (quoting United States v. Berke, 170 F.3d 882, 883 (9th Cir.1999) (internal citations omitted)).

Plaintiff does not contend that this Court lacked jurisdiction. Therefore, the only issue is whether the Court acted in a manner inconsistent with due process of law. Plaintiff contends that the Judgment entered in this case is void because the proceeding was "irregularly conducted," the Court denied Plaintiff's fifth motion for extension of time to respond to Defendant's motion to dismiss, the Court has a "pervasive substantial conflict of interest," the Court "instill[ed] fear & mental torment in Plaintiff through manifestly unjust Court Orders," and the Court lacks "integrity and independence." Pl.'s Mot. 28-31, ECF 165.

Plaintiff's arguments lack any support. This Court provided Plaintiff with far more opportunities than necessary to respond to Defendants' first and second motions to dismiss, and only denied Plaintiff an extension of time after he had been granted eighteen extensions. There is no evidence that this Court has a conflict of interest in this case or lacks integrity or independence. Plaintiff fails to establish any support for his argument that the Judgment is void.

## II.    Crime Victims' Rights Act

Plaintiff asks for relief from this Court's Order under the Crime Victims' Rights Act (CVRA), 18 U.S.C.A. § 3771. Plaintiff argues that he is a victim of witness tampering, labor trafficking, obstruction of justice, and perjury. He asks this Court to vacate its prior Judgment "so as to enable the prompt initiation of a speedy trial through a stay of civil proceedings for criminal prosecution of defendant[s] to begin, and to order restitution to [Plaintiff.]" Pl.'s Mot. 7.

The CVRA "was enacted to make crime victims full participants in the criminal justice system." Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1016 (9th Cir. 2006) The Act guarantees victims notice of any proceedings, the right to attend those proceedings, the right to confer with the prosecutor, and the right to be "reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or parole proceeding." 18 U.S.C.A. § 3771(a). The rights codified by the CVRA, however, are limited to the criminal justice process. Id. at 1137.

Plaintiff fails to offer any argument or legal support for the proposition that the CVRA is relevant in his case. Accordingly, the Court finds that there is no application of this statute to this proceeding or to the relief that Plaintiff seeks.

**CONCLUSION**

Plaintiff's Motion for Relief [165] is DENIED.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER