IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KUMAR NAHARAJA,

            Plaintiff,

    v.

CARTER D. WRAY, et al.,

            Defendants.

                                       No. 3:13-cv-01261-HZ

                                       OPINION & ORDER

Kumar Naharaja
930 NW 25th Pl., Apt. 402
Portland, OR 97210

        Pro se Plaintiff

Amy Joseph Pedersen
Andrea H. Thompson
STOEL RIVES LLP
900 SW 5th Ave., Suite 2600
Portland, OR 97204

        Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendants ask this Court to impose a pre-filing order against Plaintiff to require that any future filings by Plaintiff be reviewed and ordered filed only if deemed "not frivolous or repetitive." The Court denies Defendants' motion.

District courts have the inherent power under the All Writs Act to declare a party a vexatious litigant and impose upon him appropriate pre-filing restrictions. See Ringgold–Lockhart v. Cnty. of L.A., 761 F.3d 1057, 1061 (9th Cir. 2014) (citing 28 U.S.C. § 1651(a)). "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed.'" Id. at 1062 (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)).

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" Id. at 1062 (quoting De Long, 912 at 1147-48).

"To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Id. at 1064 (internal quotations and citation omitted). While the Ninth Circuit has not established a "numerical definition for frivolousness," the Court has stated that "even if a litigant's petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." Id. Accordingly, the Ninth Circuit stated in Ringgold-Lockhart:

> Whether a litigant's motions practice in two cases could ever be so vexatious as to justify imposing a pre-filing order against a person, we do not now decide. Such a situation

would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior in individual cases.

Id. at 1065. As a point of comparison, the Ninth Circuit explained that two cases were far fewer than what other courts had found "inordinate." Id. (citing Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (roughly 400 similar cases); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (thirty-five actions filed in 30 jurisdictions); In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982) (more than fifty frivolous cases); In re Green, 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam) (between 600 and 700 complaints)). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148).

    Here, Plaintiff's case is most notable for the number of extensions of time Plaintiff has requested and been granted.[1] However, to date, this is the only complaint that the Court is aware of that Plaintiff has filed against Defendants. Based on the record, the Court does not find "that the number of complaints [is] inordinate." Id. at 1064.

    Defendants contend that Plaintiff's lawsuit in this Court is just one of many legal proceedings that Plaintiff has initiated in connection with his termination from Oregon Health & Science University. According to Defendants, Plaintiff has filed complaints or made reports with the Equal Employment Opportunity Commission, the U.S. Attorney's Office, the National Labor Relations Board, the Portland Police Bureau, and the Oregon State Bar. Defs.' Mot. 2-3, ECF

---

[1] To date, Plaintiff has requested over 20 extensions of time. On the present motion alone, Plaintiff was granted two extensions of time. Then, after the Court indicated that no further extensions of time would be considered, Plaintiff filed a response. However, Plaintiff simultaneously filed a motion for leave to amend his response because his response was "incomplete at time of submission." Pl.'s Mot. Leave Amend, ECF 182. One week later, Plaintiff filed a second motion for additional time to amend his response. Pl.'s Second Mot. Leave Amend, ECF 184.

174.  In addition, Defendants contend that Plaintiff plans to file additional "frivolous, abusive, and harassing motions asserting the existence of a conspiracy and criminal misconduct" in this case. Id. at 6.

While Ringgold-Lockhart makes clear that the Court may consider "a pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments," Defendants fail to offer any authority for the proposition that complaints or reports made to governmental agencies or the Oregon State Bar can form the basis for entering a pre-filing order in this Court. Furthermore, even if the Court could consider Plaintiff's other complaints or reports, the Court is unable to say, based on the record before it, that all of those complaints and reports resulted in "adverse judgments" against Plaintiff.

Therefore, despite this Court understanding Defendants' frustration with Plaintiff's delay in prosecuting his case, it would be inappropriate at this point to issue a pre-filing order. Of course, if Defendants' prediction comes true, and Plaintiff files frivolous, abusive, and harassing motions in the future, then Defendants may renew their motion for a pre-filing order.

## CONCLUSION

Defendants' Motion for Pre-Filing Order [174] is DENIED. Pending motions, if any, are denied as moot.

IT IS SO ORDERED.

Dated this ___12___ day of ___OCT_____, 2015.


_____
MARCO A. HERNÁNDEZ
United States District Judge