**KUMAR NAHARAJA**,
PGY-2 Resident Physician[1]
Pediatric Neurology, Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239
&
Portland Veterans Affairs Medical Center [VAPORHCS]
3710 SW U.S. Veterans Hospital Road, Portland, OR 97239
*Mailing Address:*
930 NW 25th Place, Apt 402
Portland, OR 97210-2875
Phone: 612.987.6782

Filed via Hand Delivery to Clerk's Office
on Feb. 8, 2018

*Plaintiff, an individual in Pro Per*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KUMAR NAHARAJA,<br>Plaintiff [a Crime Victim],[1] | D.C No. 3:13-cv-01261-HZ |
| v. | **PLAINTIFF'S NOTICE OF MOTION**<br>**&** |
| Carter D. Wray, members of OHSU Faculty Practice Plan (FPP); *et al.*,<br>Defendants | **MOTION WITH MEMORANDUM**<br>**IN SUPPORT TO REOPEN CASE**<br><br>**D. OR. LOCAL RULE 1-4**<br><br>**18 U.S. Code § 3771** [*Crime Victims' Rights*] (a)(6), (a)(7) (d)(1) & (d)(3) |

---

[1] Pl-Appellant's Graduate Medical Education & employment was unlawfully, with a criminal intent, disrupted & terminated on 08/30/2013 by organized criminal activity (criminal RICO offenses) with fraudulently concealed criminal motives and perpetrated by 17 supervisors—members of OHSU Faculty Practice Plan and a GME administrator, at OHSU School of Medicine. *See* 18 U.S.C. § 1962 (c) & (d). In *United States v. Benton*, the Fifth Circuit defined motive as "the reason that nudges the will and prods the mind to indulge the criminal intent." 637 F.2d 1052, 1056-57 (5th Cir. 1981). *See* Pl.'s Corrected Am. Notice Appeal. *at* 1-34, n.1-35, ECF No. 193 *at* 1-30, No.3:13-cv-1261HZ (D. Or., Mar. 28, 2016).

**PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE**          Page | 1 of 16

## § I.  PLAINTIFF'S NOTICE OF MOTION

1.

PLEASE TAKE NOTICE that on Thursday, February 8, 2018, Plaintiff KUMAR NAHARAJA, appearing *Self-Represented* and held to the same standard as a licensed attorney of this state, will file the Plaintiff's Motion to Reopen Case and move this court to reopen this matter and present the Memorandum in Support of the Motion to Reopen Case, a copy of which is attached herewith and served upon you via United States Postal Service *Regular Mail* on this 8th Day of February, 2018.

Respectfully Submitted,

Date: Feb. 8, 2018

By:  /s/

Name: /s/  KUMAR NAHARAJA
*Plaintiff (Self-Represented)*
*Mailing Address:*
930 NW 25th Place, Apt 402
Portland, OR 97210-2875

PGY-2 Resident Physician[1]
Pediatric Neurology Residency Program
Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239

*See* Certificate of Service, *at* 3, *infra.*

## § II. CERTIFICATE OF SERVICE

I hereby certify that I will serve one true copy of this <u>Plaintiff's Notice of Motion</u> on the following named persons on the date indicated below by U.S. Postal Service regular mail with postage prepaid. *See Certificate of Service, at 16, infra*

Amy Joseph Pedersen & Andrea Thompson
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205-2584
*Counsel for defendant[s]*

**Dated:** Feb. 8, 2018

**KUMAR NAHARAJA**
(*Plaintiff*)

PGY-2 Resident Physician[1]
Pediatric Neurology Residency Program
Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239

(*Mailing address*)
930 NW 25TH PL APT 402
PORTLAND, OR 97210-2875

**KUMAR NAHARAJA,**
PGY-2 Resident Physician[1]
Pediatric Neurology, Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239
&
Portland Veterans Affairs Medical Center [VAPORHCS]
3710 SW U.S. Veterans Hospital Road, Portland, OR 97239
*Mailing Address:*
930 NW 25th Place, Apt 402
Portland, OR 97210-2875
Phone: 612.987.6782

Filed via Hand Delivery to Clerk's Office
on Feb. 8, 2018

*Plaintiff, an individual in Pro Per*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KUMAR NAHARAJA,<br>Plaintiff [a Crime Victim],[1] | D.C No. 3:13-cv-01261-HZ |
| v. | **PLAINTIFF'S MOTION WITH SUPPORTING MEMORANDUM IN TO REOPEN CASE** |
| Carter D. Wray, members of OHSU Faculty Practice Plan (FPP); *et al.*,<br>Defendants | **D. OR. LOCAL RULE 1-4**<br><br>**18 U.S. Code § 3771** [*Crime Victims' Rights*] (a)(6), (a)(7) (d)(1) & (d)(3) |

---

[1] Pl-Appellant's Graduate Medical Education & employment was unlawfully, with a criminal intent, disrupted & terminated on 08/30/2013 by organized criminal activity (criminal RICO offenses) with fraudulently concealed criminal motives and perpetrated by 17 supervisors—members of OHSU Faculty Practice Plan and a GME administrator, at OHSU School of Medicine. *See* 18 U.S.C. § 1962 (c) & (d). In *United States v. Benton*, the Fifth Circuit defined motive as "the reason that nudges the will and prods the mind to indulge the criminal intent." 637 F.2d 1052, 1056-57 (5th Cir. 1981). *See* Pl.'s Corrected Am. Notice Appeal. *at* 1-34, n.1-35, ECF No. 193 *at* 1-30, No.3:13-cv-1261HZ (D. Or., Mar. 28, 2016).

**PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE**        Page | 4 of 16

## I. LR 7-1(a)(1)(A) COMPLIANCE REQUIREMENT LIFTED

1.

The conferral requirement with defendants pursuant to LR 7-1(a)(1)(A) was lifted by the district court by order: *See* Dkt entry [156] wording modified 05/08/2015.

2.

Notwithstanding the above, direct and/or circumstantial evidence has established that one or more counsel for defendants violated several provisions of Oregon Rules of Professional Conduct (ORPC) RULE 8.4 (a)(1) to (a)(4) & (a)(6) in the course of securing the dismissal of this case with prejudice by perpetrating Fraud & Crime during the proceedings in this district court in this case.[2]

3.

In view of the foregoing, Plaintiff did not attempt to confer with defendants' counsel regarding this *Motion to Re-open case* due to the foregoing violations of ORPC 8.4 (a) perpetrated by defendants' counsel.

---

defined motive as "the reason that nudges the will and prods the mind to indulge the criminal intent." 637 F.2d 1052, 1056-57 (5th Cir. 1981). See Pl.'s Corrected Am. Notice Appeal. at 1-34, n.1-35, ECF No. 193 at 1-30, No.3:13-cv-1261HZ (D. Or., Mar. 28, 2016)

[2] Oregon Rules of Professional Conduct (ORPC) Rule 8.4[*Misconduct*] subsection
(a) provides that "[i]t is professional misconduct for a lawyer to
- (1) violate the Rules of Professional Conduct, . . .;
- (2) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
- (3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation that reflects adversely on the lawyer's fitness to practice law;
- (4) engage in conduct that is prejudicial to the administration of justice; or . . ."
- (6) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE         Page | 5 of 16

## II. MOTION TO REOPEN CASE

Pursuant to LOCAL RULE 1-4, Plaintiff KUMAR NAHARAJA moves this Court for an Order GRANTING *Plaintiff's Motion to Reopen Case* and direct the Clerk of this Court to issue Plaintiff the ECF Login and Password as a Registered User pursuant to LR 5-1(c)(1) for e-filing privileges in this Court. *See Sec. V. Relief,* ¶2, *at* 15, *infra (defining LR 1-4)*

## II. MEMORANDUM IN SUPPORT

1.

On Jun. 30, 2015, this District Court by its Orders (*see* Dkt entry [162] & Dkt entry [163]) dismissed this case with prejudice even as Plaintiff, acting with diligence to file a response to defendants' second motion to dismiss and in view thereof, had moved this court for timely brief continuances.

2.

Within the time within which a FRAP 4(a)(4)(A)Motion for Relief could be filed, Plaintiff moved this court on July 28, 2015 with a FRAP 4(a)(4)(A)Motion for Relief pursuant to Fed. R. Civ. P. Rule 60 (b)(3)[*Evidence of misrepresentation, misconduct and fraud (by defendants)*] & Rule 60 (b)(4)[*Judgment is void*] asserting Pl's crime victim's rights pursuant to 18 U.S.C § 3771 (Crime Victims' Rights)(a)(6), (a)(7), (d)(1). *See* Pl.'s timely filed FRAP 4(a)(4)(A) Mot. for Relief, ECF No. 165, *at* 1-34, No. 3:13-cv-01261 HZ (D. Or., July 28, 2015).

3.

On Oct. 12, 2015, this District Court by its Order (*see* Dkt [186]) denied Plaintiff's timely filed FRAP 4(a)(4)(A) Motion for Relief.

4.

On Nov. 12, 2015, Plaintiff filed a timely Notice of Appeal in the U.S Court of Appeals for the Ninth Circuit moving that court to construe the Notice of Appeal as a Writ of Mandamus. The Court of Appeals has held that it has discretion to "construe an appeal as a petition for writ of mandamus sua sponte." *United States v. Zone*, 403 F.3d 1101, 1110 (9th Cir. 2005).

5.

INTERIM, potentially during the annual picnic for the U.S. District Court of Oregon Historical Society held at the "Leavy Farms" in August of 2015—the well-known picnic, held each August, is attended by Oregon judges, politicians, OSB presidents and other dignitaries and their families,[3] and in anticipation of receiving the timely Notice of Appeal filed by Plaintiff-Appellant in this case, the Honorable Circuit Judge Edward Leavy <u>was assigned to this case</u>. Well known within judicial circles is the undisputable fact that Honorable Circuit Judge Edward Leavy is assigned ONLY to difficult cases and <u>cases of NATIONAL IMPORTANCE</u> such as this current case.

> "In his nomination letter for the award, Ninth Circuit Chief Judge Sidney Thomas wrote, Our colleague Ed Leavy has done it all. . . . He is the judge to whom chief judges and colleagues turn to solve difficult, complex cases of national importance, from recent billion dollar settlements to a plea agreement in a national security case." (Internal Quotation marks omitted)
>
> —Adair Law. *"Our Kind of Rock Star" Judge Edward Leavy Receives 2015 Devitt Award.* Oregon Benchmarks, 4 (Spring/Summer 2016), https://usdchs.files.wordpress.com/2016/07/oregon-benchmarks-spring-summer-color-2016.pdf

---

[3] Cliff Collins, *The Judge's Judge: Edward Leavy Garners the Federal Judiciary's Highest Honor.* OREGON STATE BAR BULLETIN (Jan. 2016), https://www.osbar.org/publications/bulletin/16jan/profiles.html

**PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE**          Page | 7 of 16

6.

On Dec. 4, 2015, Hon.' Judge Leavy and Hon.' E. Smith taking vantage of Plaintiff-Appellant's unrepresented status then <u>willfully and knowingly</u> [4] adopted the "Willful blindness" doctrine and ignored evidence in violation of RPC 8.4(a)(2) [2] and stated in their Order that the Appeal was "frivolous", notwithstanding the fact that appended to the Pl.'s Notice of Appeal was Ex. 1 which included the *City of Portland, Portland Police Bureau*, Police Report compiled by sworn Police Officer and Plaintiff's Criminal Complaint [*See* PPB Case No.14-84393 filed: 10/14/14]. *See* Pl-Appellant's Am. Notice Appeal, ECF No. 188-1, at 4-26, No. 3:13-cv-01261HZ, Nov. 12, 2015). *See* **n.2, at 5, supra**.

> In describing the *willful blindness doctrine*, in *Global-Tech Appliances, Inc. v. SEB S.A.*, the United States Supreme Court held two basic requirements that support a determination of willful blindness: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact. 131 S. Ct. 2060 (2011).
>
> *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011) (Court holding that "[u]nder this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrong doing and who can almost be said to have actually known the critical facts.").

7.

On June 10, 2016, the appellate court after reinstating the appeal issued an order by Fraud on the Court that is VOID affirming the district court's judgement. *See generally*, citing Prof. Moore's definition for 'Fraud on the Court').

"*Fraud on the Court* must involve more than injury to a single litigant; it is limited to fraud that "seriously" affects the integrity of the normal process of adjudication. Fraud on

---

[4] *See* ORS § 161.085 (8) that defines "Knowingly" with respect to culpability provides that "Knowingly" or "with knowledge," when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists.

**PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE**          Page | 8 of 16

the court is limited to fraud that does, or at least attempts to, "defile the court itself" or that is perpetrated by officers of the court so that the judicial machinery can not [*sic*] perform in the usual manner its impartial task of adjudging cases." (internal quotation marks omitted) *See* 12 MOORE'S FEDERAL PRACTICE, § 60.21 [4][a] *at* 60-56 (3d Ed. 2016) (supplemented periodically).

7.

In *Gonzalez v. Commission on Judicial Performance*, the Supreme Court of California found willful misconduct and misuse of judicial power by judge Gonzalez and stated that "even the admirable goal of expediting judicial procedures cannot justify the Court's abrogation of its duty to determine each case on its own merits." 33 Cal. 3d 359, 375, 188 Cal. Rptr. 880, 889, 657 P.2d 372, 381 (1983). In a like manner, the district court had earlier disposed of this case on June 30, 2015 before Pl-Appellant could file his opposing motions to Def.' dispositive motion.

8.

Before expiration of the time in which a motion for reconsideration could have been filed herein in response to the June 10, 2016 order of this court, Pl-Appellant prepared and timely filed on 06/23/2016, a Motion for Extension of Time to file a Motion for Reconsideration which was properly served on opposing counsel on 06/22/2016 and which was warranted due to the complex issues in this case. *See* Cir. Rule 27-10 (a)(3).

9.

Interim, on or around July 1, 2016, Pl-Appellant KUMAR NAHARAJA was called upon to appear as a Defendant-Tenant in a landlord-tenant dispute in the Circuit Court of the State of Oregon for the County of MULTNOMAH, in which Pl-Appellant had to proceed without assistance of counsel.

10.

The exceptional hardship circumstances imposed by the foregoing accelerated civil summary

proceeding that was initiated in the state court in retaliation by Pl-Appellant's landlord who had engaged in prohibited discriminatory & retaliatory practices, had forced Appellant to seek a timely second enlargement of time in this court. Therefore Pl-Appellant with diligence filed a timely motion with a supporting Declaration and evidence of extra-ordinary hardship on July 25, 2016 seeking a continuance pursuant to Cir. Rule 31-2.2 (b), which was properly served on opposing counsel on 07/25/2016. *See* Pl-App.'s Mot. for 2nd Exten' of Time to file Mot. Reconsideration & Supp. Decl., ¶ 16 *at* 8-9, ECF No. 21, Jul. 25, 2016.

11.

Following receipt and review of the foregoing July 25, 2016 motion in which Pl.-Appellant had in good faith made a protected disclosure of an intent to report federal ethics violations involving statutory laws by "high-level" public officials, this court in retaliation then denied Appellant's foregoing motion on 07/26/2016. *See* 18 U.S.C § 205 (a)(1) & (h). See *United States v. Lazarre*, 14 F.3d 580, 581 n.3 (11th Cir. 1994) (using "the term 'high-level official' ...[to] refer to an official in a high level decision making or sensitive position"). *See* Pl-App.'s Mot. for 2nd Exten' of Time to file Mot. Reconsideration & Supp. Decl., ¶ ¶ 7(f) *at* 6, ECF No. 21, Jul. 25, 2016.

12.

The mandate issued on Aug. 4, 2016. Before expiration of the time in which a motion to recall the mandate could have been filed herein, Pl-Appellant prepared and timely filed on 08/18/2016, a Motion for Extension of Time to file a Motion to Recall the Mandate which was properly served on opposing counsel on 08/17/2016. *See* Pl.'s Mot. Ext'n Time for Mot. to Recall Mandate, ECF No. 23, Aug. 18, 2016.

13.

On Aug. 26, 2016, this court through fraud perpetrated by officers of this court then denied Appellant's foregoing timely filed August 18, 2016 motion in a concerted effort *to force* Pl-

Appellant to move for an extension of time to file a Petition for a Writ of Certiorari in the Supreme Court so as to cause this case to be disposed of by the higher Court. *See* S. Ct. R. 13.5.

14.

The term "Fraud on the Court" as used in this motion includes ethics violations as well as common law fraud perpetrated by certain officers of this court and the appellate courts. A decision produced by fraud on the court is not in essence a decision at all and never becomes final. *Kenner v. C.I.R.*, 387 F.2d 689 (7th Cir. 1968) (emphasis added). The fraud upon being promptly discovered through diligence of Pl-Appellant on or around September 6, 2016 was then duly reported via phone call to the Office of the Clerk of this court that same day.

15.

The clerk of the 9th Circuit court then dissuaded Pl-Appellant from filing a motion for relief for Fraud on the Court by stating that even if Pl-Appellant were to file a motion to vacate mandate pursuant to discovery of fraud on this court, that motion would not be considered by this court and that "we will continue to issue an order similar in content to the August 26, 2016 order of this court." Telephone discussion: Pl.Appellant KUMAR NAHARAJA with Ninth Circuit Clerk, Stephanie Lee, U.S. Court of Appeals for the Ninth Circuit (Sep. 6, 2016).

16.

In order that the opportunity be exhausted for a higher court to use its supervisory power to remand this case for cause to the lower court, on Oct. 24, 2016, Pl-Appellant had in good faith timely filed an Application for an Extension of Time to file a Petition for a Writ of Certiorari with the Supreme Court invoking jurisdiction under 28 U.S.C. § 1254 (1), S. Ct. R. 10(a) & S. Ct. R. 10(c). ~~See Ex. 1, *infra*.~~

17.

PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE          Page | 11 of 16

Between Sept. 2016 until on or around January, 2017, Plaintiff had to maintain silence to comply with the Hatch Act since the matters in this case involved substantial political influence peddling for the purposes of concealment of the criminal RICO offenses perpetrated by Plaintiff's supervisors.

18.

On or around **Apr. 4, 2017**, Pl-Appellant with diligence discovered Fraud on the court perpetrated by one or more judicial officer[s] of the U. S. Supreme Court related to its disposition of this case on Oct. 28, 2016 by a false statement and by violating (2013) Supreme Court Rule 22.1, and Rules 13. 5, 30.3 & 30.4. *See* Sup. Ct. R. 22.1, Sup. Ct. R. 30.3 & Sup. Ct. R. 30.4.

19.

With due diligence, Plaintiff-Appellant who had then diligently unearthed Fraud on the Court within the reasonable period of time prescribed by the Fed. R. Civ. P. Rule 60(b) then promptly filed the July 5, 2017 "*MOTION TO VACATE MANDATE & VOID ORDERS FOR FRAUD ON THE COURT*" which was properly served on defendants'. *See* Dkt Entry [25], Case No. 15-35624, July 5, 2017 and with no response from the court for over four months, Plaintiff with diligence then filed a Notice of Delay on Dec. 28, 2017 pursuant to 9th Cir. R. 25-1.

20.

On Dec. 29, 2017, in violation of the National Conference of Appellate Court Clerks Code of Conduct Canon II. (A). and Canon. III(g). the clerk of Ninth Circuit entered a docket entry citing the Aug. 26, 2016 Appellate order.

21.

In sum, Pl- Appellant is a CRIME VICTIM as that term "Victim" is defined by18 U.S. Code §

3663A (*Mandatory restitution to victims of certain crimes*) subsection (a)(2).[5] The crimes have remained unprosecuted due to a combination of factors: (i) prosecutorial misconduct at the U.S District Court of Oregon (Aug. 2014- Nov. 2015),[2] **(ii)** federal ethics violations by judicial members of the U.S Court of Appeals for the Ninth Circuit and its oversight by the Associate Justice of the Supreme Court, Honorable Anthony Kennedy allotted to the Ninth Circuit (Dec. 4, 2015-Dec. 27, 2017)[5, 6, 7]

*See n. 7, at 13, 15, infra*

---

[5] 18 U.S. Code § 3663A (*Mandatory restitution to victims of certain crimes*)(a)(2) provides that "the term victim means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, -conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." (internal quotation marks omitted).

[6] *See* News article published in *The Oregonian* (initial report dated June 7, 2016, 8:25 AM): announcing results of the Inspector-General's investigation on former U.S. Attorney for Oregon, Honorable Amanda Marshall on June 7, 2016. Laura Gunderson, *Federal authorities find U.S. Attorney violated laws, sexual harassment regulations'* The Oregonian (June 7, 2016), Retrieved from URL: http://www.oregonlive.com/politics/index.ssf/2016/06/federal_authorities_find_us_at.html

[7] 18 U.S. Code § 205 [*Activities of officers and employees in claims against and other matters affecting the Government*] subsection (a)(2) provides that "whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government or in any agency of the United States, other than in the proper discharge of his official duties acts as agent or attorney for anyone before any department, agency, court, . . . in connection with

Fraud on the Court must be taken before <u>the court that issued</u> the order. See *Greater Boston Television Corp. v. FCC,* 463 F.2d. 268, 279 (D.C. Cir. 1971).

## IV.   RELIEF

Notwithstanding other forms of relief for which Plaintiff is eligible for and Plaintiff incorporates all such relief in this paragraph by reference to documents filed in this case since its inception , Plaintiff notifies this court that Plaintiff is additionally eligible for Restitution afforded by 18 U.S. Code § 1031 subsection (h)- [*Major fraud against the United States*]

18 U.S. Code § 1031 (Major fraud against the United States) in part, provides that—
(h) Any individual who—

   (1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and

   (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole. Such relief shall include reinstatement with the same seniority status such individual would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney's fees.

   Subsection (f) of this section provides that "[a] prosecution of an offense under this section may be commenced any time not later than 7 years after the offense is committed, plus any additional time otherwise allowed by law."

## V.   CONCLUSION

THIS COURT SHOULD VACATE THE OCTOBER 12, 2015 ORDER AND REOPEN THIS CASE

1.

Fraud on the court is fraud that defiles the court. *Great Coastal Express, Inc. v. International*

**PL.'S NOTICE OF MOTION & MOTION TO REOPEN CASE**         Page | 14 of 16

*Brotherhood of Teamsters,* 675 F.2d 1349, 1356 (4th Cir. 1982). In view of the foregoing egregious conduct that defiles this court, the Oct. 12,2015 Order should be VACATED to permit Pl-Appellant to proceed with significant legal points and a full briefing on the merits of this case.

2.

WHEREFORE Pursuant to **LOCAL RULE 1-4,** Plaintiff KUMAR NAHARAJA moves this Court for an Order GRANTING *Plaintiff's Motion to Reopen Case* and direct the Clerk of this Court to issue Plaintiff the ECF Login and Password as a Registered User pursuant to LR 5-1(c)(1) for e-filing privileges in this Court.

> LR 1-4 [Authority to Modify or Suspend the Local Rules] provides that "[i]n the interest of justice, a judge may suspend or modify the application of these rules in an individual case or group of cases."

Respectfully Submitted,

Date: Feb. 8, 2018         By: /s/ _____

Name:/s/ KUMAR NAHARAJA
*Plaintiff (Self-Represented)*
*Mailing Address:*
930 NW 25th Place, Apt 402
Portland, OR 97210-2875

PGY-2 Resident Physician[1]
Pediatric Neurology Residency Program
Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239

---

-any covered matter in which the United States has a direct and substantial interest; ..." [shall be punished under the terms of the statute]. Subsection (h) of this section provides that "[f]or the purpose of this section, the term covered matter means any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest, or other particular matter." (internal quotation marks omitted)

08 FEB '18 17:27 RECVD USDC-ORP

## CERTIFICATE OF SERVICE

I hereby certify that I will serve one copy of this motion entitled PLAINTIFF-APPELLANT'S NOTICE OF MOTION & MOTION TO REOPEN THIS CASE WITH SUPPORTING MEMORANDUM On the following named persons on the date indicated below by U.S. Postal Service regular mail with postage prepaid.

Amy Joseph Pedersen & Andrea Thompson
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205-2584
*Counsel for defendant[s]-appellees*

**Dated:** Feb. 8, 2018

KUMAR NAHARAJA
(*Plaintiff*)

PGY-2 Resident Physician[1]
Pediatric Neurology Residency Program
Doernbecher Children's Hospital
OHSU School of Medicine, Portland, OR 97239

(*Mailing address*)
930 NW 25TH PL APT 402
PORTLAND, OR 97210-2875